Romero v Middleton (2026 NY Slip Op 00436)

Romero v Middleton

2026 NY Slip Op 00436

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 27927/19|Appeal No. 5697|Case No. 2024-07708|

[*1]Martin Romero, Plaintiff-Appellant,
vSpencer Middleton et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kolby Forrest of counsel), for appellant.
Camacho Mauro, LLP, New York (Anthony J. Buono of counsel), for respondents.

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered on or about November 14, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants met their prima facie burden by establishing that plaintiff drove his e-bike into the rear of their truck while stopped at a red light by submitting testimony from plaintiff, the defendant driver, and a nonparty witness (see Santana v Danco Inc., 115 AD3d 560 [1st Dept 2014]).
Plaintiff failed to provide a nonnegligent explanation in opposition (see id.). Plaintiff claims that defendants' truck veered into his way as he attempted to pass on the right, but none of the provisions in Vehicle and Traffic Law § 1123(a) permitting passing on the right apply here. Plaintiff also attempted to pass when it was not safe to do so in violation of Vehicle and Traffic Law § 1123(b). Plaintiff admitted that he was "too close" when defendants' truck allegedly veered right. Vehicle and Traffic Law § 1123 does not conflict with Vehicle and Traffic Law § 1234, which requires bicyclists to ride "near the right-hand curb or edge of the roadway or upon a usable right-hand shoulder."
Plaintiff's claim that defendants were comparatively at fault because they violated Vehicle and Traffic Law § 1146, which requires drivers to "exercise due care to avoid colliding with any bicyclist," is unavailing. Plaintiff's statutory violations establish his negligence as the sole proximate cause of the accident.
Plaintiff's remaining contentions are academic or unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026